UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

— against —

KAREEM HASSAN,

           Defendant.

21-cr-680 (JGK)

ORDER

---

JOHN G. KOELTL, District Judge:

The Court is in receipt of the defendant's request for the appointment of counsel in connection with a potential motion for early termination of supervised release, dated June 24, 2025. The defendant's submission is filed under seal because it contains personal identifying information.

In March 2024, the Court appointed counsel for the defendant "for all purposes." ECF No. 144. In seeking the appointment of new counsel, the defendant represents that his current counsel is unavailable at this time to assist him with his potential motion for early termination of supervised release.

Pursuant to 18 U.S.C. § 3006A(c), "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." The

"ancillary matters" referenced in § 3006A(c) are "those involved in defending the principal criminal charge including trial and direct appeals, but do not extend to collateral attacks upon a judgment." United States v. Fleming, 5 F.4th 189, 193 (2d Cir. 2021). Accordingly, the Second Circuit Court of Appeals has concluded that a defendant has no right to the assistance of counsel in filing a motion for reduction of sentence based on subsequent changes in the Sentencing Guidelines, United States v. Reddick, 53 F.3d 462, 465 (2d Cir. 1995), or in filing a motion for compassionate release, Fleming, 5 F.4th at 193. In the same vein, courts have concluded § 3006A does not require the appointment of counsel for motions to modify the conditions of supervised release. See United States v. Yakubova, No. 00-cr-67, 2007 WL 1827429, at *1 (E.D.N.Y. June 25, 2007). Where § 3006(A) does not mandate the appointment of counsel, "[t]he provision of counsel for such motions should rest in the discretion of the district court." Reddick, 53 F.3d at 465. "The apparent merits of the motion will no doubt be a significant factor in the exercise of that discretion." Id. at 465 n.2.

At this point, the defendant has failed to show that a motion for early termination of supervised release will have merit or that he cannot make the necessary showing without the appointment of counsel. The defendant's request for the appointment of counsel is therefore **denied**.

A copy of this Order will be sent to the defendant at the e-mail address listed in his submission.

**SO ORDERED.**

Dated:   New York, New York
         July 10, 2025

                                         _____
                                            John G. Koeltl
                                         **United States District Judge**

3