UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————————————

UNITED STATES OF AMERICA,

       - against -

KAREEM HASSAN,

                   Defendant.
———————————————————————————————

21-cr-680-1 (JGK)

MEMORANDUM OPINION
AND ORDER

JOHN G. KOELTL, District Judge:

The defendant, Kareem Hassan, proceeding pro se, moves for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1).

Mr. Hassan pleaded guilty to one count of conspiring to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). ECF No. 101. The Sentencing Guidelines range for Mr. Hassan was between 87 and 108 months. ECF No. 84, at 5. The Court substantially varied from the Sentencing Guidelines range and sentenced Mr. Hassan to 30 months' imprisonment to be followed by four years of supervised release. ECF No. 101, at 2-3. Mr. Hassan was released from custody on or about July 12, 2024, and his term of supervised release is scheduled to end on July 11, 2028. Mr. Hassan now seeks an early termination of supervised release.

A district court has the authority to terminate a period of supervised release at any time after the defendant has spent one year on supervised release, and after "considering the [relevant

sentencing] factors set forth" in 18 U.S.C. § 3553(a), if the

district court "is satisfied that such action is warranted by

the conduct of the defendant released and the interest of

justice." 18 U.S.C. § 3583(e)(1). Section 3583(e) specifies the

§ 3553(a) sentencing factors that courts must consider in

deciding whether to terminate supervised release, which include:

- "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1);
- the "need for the sentence imposed" to "afford adequate deterrence to criminal conduct," id. § 3553(a)(2)(B), "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(C), and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," id. § 3553(a)(2)(D);
- (iii)the "kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant" under the Sentencing Guidelines, id. § 3553(a)(4);
- "any pertinent policy statement ... issued by the Sentencing Commission," id. § 3553(a)(5);
- "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," id. § 3553(a)(6); and
- "the need to provide restitution to any victims of the offense," id. § 3553(a)(7).

See 18 U.S.C. § 3583(e) (providing that a district court may

terminate a term of supervised release "after considering the

factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C),

(a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)"). "The decision

whether to grant early termination rests within the discretion

of the district court." <u>United States v. Harris</u>, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010).

Mr. Hassan argues that he should receive an early termination of supervised release because he has complied with all the conditions of his supervised release. But compliance with the conditions of supervised release is not a basis for early termination of supervised release — it is expected. Mr. Hassan has not shown that his compliance is extraordinary in any way.

Mr. Hassan also contends that an early termination of supervised release is necessary so that he can accept employment with an employer that requires international travel. Mr. Hassan failed, however, to provide any of the details of his potential employment in his initial application. He submitted a letter from the proposed employer only with his reply letter. Mr. Hassan also failed to present the alleged offer to the Probation Office and failed to determine with the Probation Office whether it is possible to accommodate work-related travel — for example, by seeking permission for travel with reputable organizations or potential employers with sufficient notice to the Probation Office along with appropriate verification and supervision.

In any event, Mr. Hassan has failed to show that the purposes of § 3553(a) would be satisfied by an early termination

3

of supervised release at this point. The Court carefully considered the § 3553(a) factors, varied downwardly by a significant amount, and arrived at a sentence that was sufficient but no greater than necessary to satisfy the relevant factors in § 3553(a). There is nothing in Mr. Hassan's submission that causes the Court to conclude that a substantial reduction in the term of supervised release would be consistent with the § 3553(a) factors.

The Court has considered all the parties' arguments. To the extent not specifically addressed above, those arguments are either moot or without merit. For the foregoing reasons, the defendant's motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1) is **denied without prejudice.**

**SO ORDERED.**
**Dated:    New York, New York**
**          May 1, 2026**

_____
**John G. Koeltl**
**United States District Judge**

4